Appeal from special term.

Action by Jennie Levene against John Hahner. From an order taxing the costs to the plaintiff, she appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and HASCALL, JJ.

Julius Lehman, for appellant.

Robert L. Turk, for respondent.

FITZSIMONS, C. J. The plaintiff commenced this action against defendant in the Eighth judicial district court for $100, as damages for the loss of a bicycle belonging to her, through the negligence of defendant, who was a common carrier. The action upon defendant's motion was duly transferred to this court. Upon the trial, judgment was recovered against defendant for $43.75. Upon defendant's application, a bill of costs was taxed by the clerk against plaintiff for $71.78, because she had failed to recover a judgment of $50 or over. Upon appeal to the special term by plaintiff, the clerk's taxation was affirmed. In our judgment, this was error. The defendant in this court had no greater rights than those conferred upon him in the district court. His rights, as well as plaintiff's rights, remained unchanged by the transfer. Upon recovery of this judgment, plaintiff obtained all the rights which she would have had if the action was tried in said court.

Order appealed from reversed, also clerk's taxation, and he is directed to tax the charges allowed by the Code, in plaintiff's favor. All concur.

---

(32 Misc. Rep. 637.)

MARX et al. v. PENNSYLVANIA FIRE INS. CO. OF PHILADELPHIA.

(City Court of New York, General Term. October 29, 1900.)

1. INSURANCE—AMOUNT OF LOSS—QUESTION FOR JURY—DIRECTION OF VERDICT.
   Where, in an action on a fire insurance policy, plaintiff introduced evidence of the amount of loss sustained, and defendant introduced no evidence, the direction of a verdict for a less sum than the amount recoverable under the policy, without a request by either party for such direction, was erroneous, since the amount of damages sustained was for the jury.

2. SAME—EXCLUSION OF EVIDENCE.
   Where the court, in an action on a fire insurance policy, ruled, at the close of plaintiff's evidence, as to the value of the property destroyed, that the evidence was not sufficient to go to the jury, the refusal to allow plaintiff to introduce additional evidence was erroneous.

Appeal from trial term.

Action by Harry Marx and another against the Pennsylvania Fire Insurance Company of Philadelphia. From a judgment in favor of defendant, and from an order denying a new trial, plaintiffs appeal. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Mitchell L. Erlanger, for appellants.

Cardoza & Nathan, for respondent.

CONLAN, J. The action was upon a policy of insurance insuring the plaintiffs against loss by fire in the sum of $1,500. The trial court took from the consideration of the jury the right to ascertain and compute from the evidence the amount of damages which the plaintiffs were entitled to recover, after conceding to them such right of recovery. There was no request for a direction by either side.

In the exclusion of evidence of value as to property destroyed, and which we think was properly offered, and of a sufficient character to entitle it to be considered by a jury in arriving at the amount of damage, the court itself undertook to and did apparently ascertain and fix a sum for less than the amount recoverable under the policy, and for the amount so ascertained directed a verdict. We think this was error. Upon all of the evidence, we are of the opinion that the jury should have been permitted to make its own calculations of the actual amount of damages sustained, and that a judgment entered upon a verdict such as was here found, under the direction of the court, ought not to stand. Again, at the conclusion of the remarks of the learned trial justice at the close of the plaintiffs' case, the plaintiffs' counsel requested the court that he be allowed, in view of the court's opinion thus given, to offer additional proof upon the question of the value of the goods left with the plaintiffs for alterations and repairs, and which were on the premises at the time of the fire, and this was denied. We think the request was reasonable, and should have been permitted, and that the evidence as well adduced on that precise question should have been left to the consideration of the jury.

It is worthy of notice that the defendant offered no witnesses on its behalf, so we think that, upon all the evidence, the plaintiffs had the undoubted right to have the question of damages submitted to the jury, and without instructions as to the amount from the court at trial term.

Entertaining these views, we think the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

FITZSIMONS, C. J., concurs.